E-FILED
Monday, 29 September, 2014 10:45:10 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| PAUL ECKERMANN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 4:13-cv-04002-SLD |

<u>ORDER</u>

Plaintiff Paul A. Eckermann requests that the Court order Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), to pay Plaintiff's attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). For the following reasons, Plaintiff's Motion for Attorney's Fees, ECF No. 18, is GRANTED.

**BACKGROUND**

In this case, Eckermann sought judicial review of the final decision of the Commissioner, which found that Plaintiff was not entitled to Child's Insurance Benefits and Supplemental Security Income because he was not disabled within the meaning of the Social Security Act. On August 19, 2014, the Court entered an order vacating the Commissioner's final decision and remanding the matter to the Social Security Administration for further administrative proceedings. On August 20, 2014, Eckermann filed the instant motion for attorney's fees. As of September 26, 2014, the Commissioner had yet to respond.

1

## DISCUSSION

### I. Entitlement to Attorney's Fees

A prevailing party in a suit by or against the United States is entitled to its fees and other litigation expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The party must move for fees within 30 days of final judgment and support the motion with an itemized statement from the party's attorney stating her actual time expended on the litigation. *Id.* § 2412(d)(1)(B). The Commissioner's position is substantially justified where it has reasonable factual and legal bases, as well as "a reasonable connection between the facts and [its] legal theory." *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

While undeniably the prevailing party, Eckermann makes only a conclusory argument that the Commissioner's position was substantially unjustified. Eckermann argues only that, because the Court found that the ALJ had erred in analyzing treating physicians' opinions and in addressing Listing of Impairments criteria, the Commissioner's position in denying Eckermann benefits "was unreasonable and thus, unjustified." Pl.'s Mem. in Supp. Mot. Att'y Fees 3, ECF No. 18-1. In this case, however, a more developed argument by Eckermann is not necessary because the Commissioner has failed to oppose his motion for EAJA fees. *See* Local Rule 7.1(B)(2) (providing that opposing party must respond within 14 days or "the presiding judge will presume there is no opposition to the motion"). In light of the Commissioner's lack of opposition to the motion, the Court finds that the Commissioner's position was not substantially justified and Eckermann is therefore entitled to EAJA fees.

## II. Amount of EAJA Fees

Attorney's fees are calculated by multiplying the appropriate number of hours worked by a reasonable rate. *Hensley v. Eckerhart*, 461 US 424, 437 (1983). The EAJA fee rate is based on "prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The enumerated "special factor" is interpreted narrowly "as being limited to necessary skills or knowledge specialized to the area of law in question." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 564 (7th Cir. 2011) (citing *Pierce*, 487 U.S. at 572). This standard is met where the plaintiff shows that counsel competent to handle its particular kind of case must be found in a "small class of specialists" who are only available at more than $125 per hour. *See id.* (citing *Atl. Fish Spotters Ass'n v. Daley*, 205 F.3d 488, 492 (1st Cir. 2000)). Supporting evidence should indicate, with "modest" support, that as a practical matter, the plaintiff could not obtain an expert in the relevant area of law for less than $125, assuming such an expert is required. *Atl. Fish Spotters Ass'n*, 205 F.3d at 492–93.

In support of his motion, Eckermann produces the affidavit of his attorney, Jodee Dietzenbach, who attests to: her experience in Social Security disability practice; her usual rate of $225 per hour; her unwillingness—and that of her former Social Security practice colleague, Timothy Kidd—to do federal court work for clients without an upward adjustment of the $125 rate; and her lack of knowledge of any other local attorneys who routinely litigate Social Security disability claims. Dietzenbach Aff., ECF No. 18-2. Eckermann also proffers the affidavit of the principal of Dietzenbach's law firm, Thad Murphy, who claims he has 13 years

of experience in Social Security law, but is no longer practicing; if he were, he would not charge less than $225 per hour or take clients without an upward adjustment of the $125 federal rate; and $225 per hour is a reasonable rate for legal services in a Social Security case. Murphy Aff., ECF No. 18-3. Eckermann also claims that applying the most applicable federal regional pay differential (Minnesota-Wisconsin) to the Laffey Matrix, an online tool for estimating legal fees in the Baltimore-Washington, D.C. region, shows that the local customary rate for an attorney with four to seven years of experience is around $380. *See* Pl.'s Mem. in Supp. Mot. Att'y Fees 4 (citing "Laffey Matrix," http://laffeymatrix.com/see.html (last visited Sept. 26, 2014); "Pay & Leave: 2014 General Schedule (GS) Locality Pay Tables, http://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2014/general-schedule/ (last visited Sept. 26, 2014)).

Particularly in the absence of any rebuttal by the Commissioner, Eckermann's evidence suffices to show that he could not have obtained an attorney practicing Social Security disability law in this region at $125. The attestations by Eckermann's attorney and her employer that $225 is their usual rate offer a thin reed upon which to justify a rate that approaches double the statutory standard, and Eckermann does not indicate that the Laffey Matrix rate—assuming his application of the regional pay differential is appropriate—specifically addresses the specialized field of Social Security law. However, the Commissioner's lack of objection provides the Court with no basis to find another rate more reasonable. As a result, the Court finds that the appropriate rate in this case is $225 per hour.

As required, Eckermann submitted an itemized statement of the hours his attorney expended. Ex. Re: Mot. Att'y Fees, ECF No. 19. This statement indicates that Eckermann's attorney spent a total of 13.3 hours on this case. Accordingly, the total attorney fees award is 13.3 hours x $225 per hour, or $2,992.50.

4

## CONCLUSION

Plaintiff's Motion for Attorney's Fees, ECF No. 18, is GRANTED. Defendant Commissioner of Social Security is ordered to pay Plaintiff[1] $2,992.50 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

Entered this 29th day of September, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

---

[1] Fees are to be paid directly to the lawyer where the client assigns the right to fees to his attorney and does not owe a debt to the government. *Mathews-Sheets*, 653 F.3d at 565–66. While Eckermann's motion includes summary language requesting that the fees be paid directly to his attorney "if permitted under law," Pl.'s Mem. in Supp. Mot. Att'y Fees 5, Eckermann does not mention an assignment. Therefore, the Commissioner must pay the attorney's fees to Eckermann, and his attorney can recoup them from him.